NO. 07-05-0286-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 23, 2006
_____

ALEX BALDOMINO,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 364th DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2004-405,890; HON. BRADLEY S. UNDERWOOD, PRESIDING
_____

***ABATEMENT AND REMAND***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Alex Baldomino (appellant) appeals his conviction for aggravated assault. The clerk's record was filed on November 9, 2005, and the reporter's record was filed on November 15, 2005. Thus, appellant's brief was due to be filed no later than December 15, 2005. That date passed without appellant filing a brief, however. So, on December 22, 2005, this court notified appellant that neither the brief nor an extension of time to file the brief had been received by the court and unless a brief or a response was filed by January

3, 2006, the appeal would be abated to the trial court. In response, counsel filed a motion for extension of time to file appellant's brief, which was granted to February 10, 2006. No brief or motion for extension of time to file a brief has been received by the court.

Consequently, we abate the appeal and remand the cause to the 364th District Court of Lubbock County (trial court) for further proceedings. Upon remand, the trial court shall immediately cause notice of a hearing to be given and, thereafter, conduct a hearing to determine the following:

1.      whether appellant desires to prosecute the appeal; and,

2.      whether appellant has been denied the effective assistance of counsel due to appellate counsel's failure to timely file appellate brief. *See Evitts v. Lucey*, 469 U.S. 387, 394, 105 S.Ct. 830, 834-35, 83 L.Ed.2d 821, 828 (1985) (holding that an indigent defendant is entitled to the effective assistance of counsel on the first appeal as of right and that counsel must be available to assist in preparing and submitting an appellate brief).

We further direct the trial court to issue findings of fact and conclusions of law addressing the foregoing subjects. Should the trial court find that appellant desires to pursue the appeal, is indigent, and has been denied effective assistance of counsel, we further direct it to appoint new counsel to assist in the prosecution of the appeal. The name, address, phone number, telefax number, and state bar number of the new counsel, if any, who will represent appellant on appeal must also be included in the court's findings of fact and conclusions of law. Furthermore, the trial court shall also cause to be developed 1) a supplemental clerk's record containing the findings of fact and conclusions of law and 2) a reporter's record transcribing the evidence and argument presented at the aforementioned hearing. Additionally, the trial court shall cause the supplemental clerk's record to be filed with the clerk of this court on or before March 24, 2006. Should additional

time be needed to perform these tasks, the trial court may request same on or before March 24, 2006.

It is so ordered.

Per Curiam

Do not publish.